## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

ERIC RUIZ                                                                    PETITIONER

V.                                              CIVIL ACTION NO. 3:18CV43 HSO-LRA

WARDEN LARRY SHULTS                                              RESPONDENT

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Eric Ruiz brings the instant petition pursuant to 28 U.S.C. § 2241 seeking judicial review of his sentence computation by the Federal Bureau of Prisons ("BOP"). At the time of filing, he was incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi (FCC-Yazoo).[1] Having considered the submissions of the parties and the applicable law, the undersigned recommends that the petition be denied.

Ruiz was arrested by Texas State authorities and charged with two counts of possession of controlled substances on January 27, 2010. He was released on bond but was subsequently revoked when he was re-arrested on January 25, 2011. On February 9, 2011, Ruiz was temporarily transferred to federal custody pursuant to a federal writ of habeas corpus *ad prosequendum*. On January 4, 2013, the United States District Court for the Southern District of Texas sentenced Ruiz to 168 months imprisonment after he pleaded guilty to aiding and abetting possession with intent to distribute cocaine. The

---

[1] The proper respondent in habeas challenges is the custodian of the petitioner. 28 U.S.C. §§ 2242-2243. At the time of filing, Petitioner correctly named Warden Shults, then warden at FCC-Yazoo, as the Respondent. However, the current warden is Warden C. Rivers, and the Bureau of Prisons website reflects that Petitioner has been transferred to FDC-Houston. Jurisdiction over a § 2241 petition attaches at the time of filing; thus, this court has jurisdiction, notwithstanding his transfer to a different facility and custodian. *See Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014).

federal court ordered that Ruiz's federal sentence would run concurrently with any sentence imposed on the pending state charges.   He was then returned to the custody of Texas authorities on January 25, 2013.  The state court then sentenced Ruiz to a 15-year term on April 17, 2013, and credited 862 days towards his state sentence.  On September 13, 2013, he was paroled by the State of Texas and transferred to federal custody.  The federal court later reduced the federal sentence from 168 to 135 months on February 27, 2015.  The BOP credited Ruiz with good-conduct time credit of 493 days, and his projected release date at the time of filing was November 27, 2022.[2]

In the petition, Ruiz asserts that the BOP has miscalculated his sentence by failing to apply all eligible credit to his federal sentence.  He contends that he is entitled to credit for the period that he was in custody of the U.S. Marshals from February 9, 2011 through January 3, 2013—the day before his federal sentencing.  The Government argues that Ruiz is not eligible to receive any additional credit towards his federal sentence because that would constitute double credit, contrary to the intent of Congress under 18 U.S.C. § 3585(b).

## Discussion

The United States Attorney General, through the BOP, "determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences."  *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003) (citing *United States v. Wilson,* 503 U.S. 329, 331-32, 334 (1992)).  The computation is

---

[2] ECF No.  9-1—9-3.

governed by 18 U.S.C. § 3585, and is comprised of a two-step determination: first, the

BOP determines the date on which the federal sentence commences and, second, the BOP

determines whether the prisoner is entitled to any credit for time spent in custody prior to

the commencement of the sentence, i.e., prior-custody credit.  Section 3585 provides as

follows:

> (a) Commencement of sentence. -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

> (b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-

>> (1) as a result of the offense for which the sentence was imposed; or

>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

> ***that has not been credited against another sentence.***

18 U.S.C. § 3585 (emphasis added).  Based on the plain language of the statute, a

defendant commences his federal sentence when he is received in federal custody to

begin serving his sentence, and he receives credit for time served *only* if it has not been

credited against another sentence, "regardless of whether the sentence is federal, state or

foreign." BOP Program Statement 5880.28, Sentence Computation Manual.

As noted, Ruiz maintains that he should receive prior custody credit for the period

that he was on loan to the federal government pursuant to a writ of habeas corpus *ad*

*prosequendum*, February 9, 2011 to January 3, 2013, the day before he was sentenced by

the federal court.  However, "the writ merely loans the prisoner to federal authorities, and

the prisoner technically remains in state custody." *Dominguez v. Williamson*, 251 F.3d 156 (5th Cir. 2001) (internal quotation marks omitted).  Thus, although transferred to federal custody pursuant to the writ of habeas corpus *ad prosequendum* on February 9, 2011, the State of Texas retained primary jurisdiction over Ruiz until his parole and transfer into federal custody on September 13, 2013.  He is not entitled to any additional credit towards his federal sentence for any time prior to January 4, 2013— the date his federal sentence commenced—as the record reflects that time was served and credited towards his state sentence.  *Dominguez*, 251 F.3d 156 ("a defendant is not entitled to credit towards a federal sentence for the time spent in a federal detention center under a writ of habeas corpus *ad prosequendum* if the defendant receives credit for that time on his state sentence.").  If he were allowed federal credit for time spent serving a sentence imposed by the Texas state court, he would be receiving double credit, contrary to 18 U.S.C. § 3585(b).  *Myrick v. Blackmon*, No. 3:15CV31 HTW-LRA, 2017 WL 4929906, at *2 (S.D. Miss. Sept. 6, 2017), *report and recommendation adopted,* No. 3:15-CV-31-HTW-LRA, 2017 WL 4896548 (S.D. Miss. Oct. 30, 2017).

Ruiz maintains that he is eligible for additional credit. However, Respondent notes that BOP records reflect that Ruiz has received all the additional credit to which he is entitled, a total of 493 days of good-conduct credit, making his projected release date at the time of filing, November 27, 2022.  Petitioner does not deny that he continued to serve his state sentence during the time that he was subject to the writ.[3]

---

[3] The undersigned notes that Bureau of Prisons' website now reflects that Ruiz's current projected release date is September 25, 2021.

In sum, Petitioner is not entitled to have the time spent in custody pursuant to the writ applied towards the satisfaction of his federal sentence under § 3585 (b). His claim that the BOP has denied him additional credit to which he is entitled fails. For the reasons stated, the undersigned recommends that the petition be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on December 29, 2020.


_____
    s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE