IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| **ERIC RUIZ** | § | **PETITIONER** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 3:18cv43-HSO-LGI** |
| | § | |
| | § | |
| **WARDEN L. SHULTS** | § | **RESPONDENT** |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION [13] AND DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS WITH PREJUDICE**

This matter comes before the Court on the Report and Recommendation [13] of United States Magistrate Judge Linda R. Anderson, entered in this case on January 4, 2021. Petitioner Eric Ruiz has not filed an Objection to the Report and Recommendation [13], and the time for doing so has passed. After due consideration of the Magistrate Judge's Report and Recommendation [13], the record, and relevant legal authority, the Court finds that the Report and Recommendation [13] should be adopted and that Petitioner's Petition for Writ of Habeas Corpus [1] should be dismissed with prejudice.

I. BACKGROUND

A. Factual background

On January 27, 2010, Petitioner Eric Ruiz ("Ruiz" or "Petitioner") was arrested by the Denton County, Texas, Sheriff's Office for two counts of possession of a controlled substance. *See* Decl. of Stephen Smith [9-2] at ¶ 4. Petitioner

posted bond in both cases and was released from custody, but on January 25, 2011, his bond was revoked and he was re-arrested. *See id.* at ¶¶ 5-6.

On February 2, 2011, Petitioner was indicted by a federal grand jury in the United States District Court for the Southern District of Texas for conspiracy with intent to distribute a controlled substance, *see id.* at ¶ 7, and on February 9, 2011, he "was taken into temporary custody by the U.S. Marshals pursuant to a federal writ of Habeas Corpus Ad Prosequendum from the State of Texas," *id.* at ¶ 8. Petitioner pleaded guilty in federal court and was sentenced by that court on January 4, 2013, to a 168-month term of imprisonment. *See id.* at ¶ 9; Ex. [9-2] at 29 (criminal judgment). On January 25, 2013, the U.S. Marshals returned Petitioner to the custody of Texas state authorities. Decl. of Stephen Smith [9-2] at ¶ 10.

On April 17, 2013, Petitioner was sentenced in the state court actions to a combined 15-year term of imprisonment. *See id.* at ¶ 11. The state court ordered that Petitioner receive 862 days of jail credit against his term of confinement. *See id.* On September 13, 2013, Petitioner was paroled from the State of Texas and released into the exclusive custody of the U.S. Marshals. *See id.* at ¶ 12. On February 27, 2015, the federal court reduced Petitioner's sentence from 168 to 135 months. *See id.* at ¶ 13.

B. Procedural history

On or about September 25, 2017, Petitioner submitted for mailing a Petition for Writ of Habeas Corpus [1] under 28 U.S.C. § 2241, which was docketed by the

Clerk of this Court on January 22, 2018. *See* Pet. [1] at 1, 10. Petitioner asserted that the Bureau of Prisons ("BOP") failed to properly credit him for time served while in the custody of the U.S. Marshals from February 9, 2011, through March 20, 2012. *See id.* at 7. Respondent filed a Response [9] and Memorandum [10], arguing that the Petition should be denied because all custody credit to which Petitioner was entitled has been applied correctly towards his federal sentence. *See* Resp. [9] at 1; Mem. [9] at 1-10.

On January 4, 2021, the Magistrate Judge entered a Report and Recommendation [13] recommending that the Petition be dismissed with prejudice. R. & R. [13] at 5. A copy of the Report and Recommendation [13] was mailed to Petitioner at his address of record. Petitioner has not filed any objection to the Report and Recommendation [13], and the time for doing so has passed.

## II.   DISCUSSION

Where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of

discretion or contrary to law. *See id.* The Court agrees that Petitioner has properly received any custody credit to which he was entitled. The Court will adopt the Magistrate Judge's Report and Recommendation [13] as the opinion of this Court and will dismiss the Petition for Writ of Habeas Corpus [1] with prejudice.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [13] of United States Magistrate Judge Linda R. Anderson, entered in this case on January 4, 2021, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Petitioner Eric Ruiz's Petition for Writ of Habeas Corpus [1] is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 29th day of January, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE